Entered on Docket
September 28, 2018
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: September 28, 2018



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>EDITH YEE TUK WONG,<br>              Debtor.<br>_____<br>ERIC TONG,<br>              Plaintiff,<br>v.<br>EDITH YEE TUK WONG,<br>              Defendant.<br>_____ | Bankruptcy Case<br>No. 14-30880 DM<br><br>Chapter 7<br><br><br>Adversary Proceeding<br>No. 14-03114 |

**MEMORANDUM DECISION ON DEFENDANT'S MOTION FOR**
**ATTORNEY'S FEES AND COSTS AS PREVAILING PARTY**

    On August 24, 2018, this court held a hearing on the motion by debtor and defendant Edith Yee Tuk Wong ("Wong") to recover attorney's fees and costs incurred in defending a nondischargeability action commenced against her by plaintiff Eric Tong ("Tong"). After taking the matter under submission and considering the record and arguments of counsel, the court concludes that Wong is not entitled to recover her attorney's fees under governing California law. Nonetheless, as Tong has already

-1-

agreed to pay a certain amount of fees ($16,114.00) directly relating to the adversary proceeding, the court will not revisit that concession.  The remaining fees ($14,788.00) sought by Wong are not recoverable from Tong for the reasons set forth below.

I.   Factual Background

In 2008, Wong (as seller) and Tong (as broker) entered into a listing agreement for the sale of Wong's property located on Irving Street in San Francisco (the "Property"). The agreement provided in paragraph 15 that "[i]n any action, proceeding or arbitration between Seller and Broker regarding the obligation to pay compensation under this Agreement, the prevailing Seller or Broker shall be entitled to reasonable attorney fees and costs from the non-prevailing Seller or Broker, except as provided in paragraph 19A." *See* Exhibit A to the Complaint for Determination of Debt ("Complaint"); AP Dkt. 1, ECF pg 13.

In 2014, Wong filed the underlying bankruptcy case and Tong commenced this adversary proceeding to obtain a determination that his claims against Wong were nondischargeable under 11 U.S.C. § 523(a)(2), which excludes from discharge debts arising from false pretenses, false representation, or actual fraud.  In the Complaint, Tong alleged that he had procured a ready and willing buyer, but subsequently learned that Wong had misrepresented the condition of the Property and had not disclosed citations for housing violations, among other things.  Tong further alleged that the misrepresentations and nondisclosures resulted in the loss of the sale to which Wong had agreed, and he sought as damages the

Case: 14-03114    Doc# 27    Filed: 09/28/18    Entered: 09/28/18 17:18:38    Page 2 of 8

anticipated compensation he would have received but for Wong's purported misrepresentations.

According to paragraph 45 of the Complaint, Tong's claims against Wong were at issue in a pending arbitration proceeding that was stayed upon the filing of the bankruptcy petition by Wong. In the prayer of the Complaint, Tong sought "a determination that any arbitration award made to Tong under the Listing Agreement be deemed nondischargeable under 11 U.S.C. § 523(a)(2)." *Id.*

The parties thereafter agreed that the arbitration should proceed, so on July 20, 2015, this court entered an order granting relief from the automatic stay so that could happen (*See* Dkt. 27 in Case No. 14-30880). On May 8, 2017, the arbitrator found that Tong had failed to sustain his burden of proof that Wong either negligently or intentionally failed to make certain disclosures. *See* AP at Dkt. 9-1. He concluded that Wong was not liable to Tong and that he would take noting from her. These same purported non-disclosures were the basis of Tong's allegations of fraud or fraudulent representations in the Complaint.

Following the arbitration ruling, counsel for Tong conceded at a status conference that he would no longer pursue the nondischargeability action. On August 24, 2018, this court entered a judgment (1) dismissing the Complaint, (2) stating that Wong was entitled to her costs, and (3) directing Wong to file forthwith her motion for determination of the amount and reasonableness of her attorney's fees.

Wong's counsel thereafter filed the underlying motion for recovery of $30,902.00 in attorneys' fees associated with the

arbitration and the adversary proceeding, as well as fees associated with his representation of Debtor in the main bankruptcy case (such as the amendment of schedules).[1]

Tong opposed the motion to the extent Wong sought fees for services rendered by her counsel (1) in defending matters commenced by third parties and in representing Wong in Rule 2004 examinations by those third parties; (2) in representing Wong in the arbitration involving multiple parties and issues, not just those presented in this adversary proceeding; (3) in rendering services in connection with the administration of her main bankruptcy case; and (4) in rendering services in connection with certain California Superior Court cases in which Wong was a named as a defendant. He did not oppose the award of attorneys' fees and costs in the amount of $16,114.00. *See* AP Dkt. 17, ECF pgs. 2-3.

On August 24, 2018, the court held a hearing on Wong's motion and took the matter under submission. On September 4, 2018, Wong filed a motion to vacate the submission and to permit supplemental briefing. The court granted that motion on the same day [Dkt. No. 24, and took the matter under submission upon the filing of Tong's

---

[1] In the final footnote to the motion for attorneys fees, counsel for Wong "elected to dispense with a separate memorandum of points and authorities." *See* Defendant's Motion for Attorney's Fees and Costs as Prevailing Party, Dkt 12, p. 5, fn. 5. "Suffice as to say the Defendant Wong's Motion is premised on [the listing agreement] itself, California Civil Code section 1717, and the *Travelers, Penrod,* and *Bos* cases as cited and explained [in a 2017 status conference statement]." *Id.* Apart from this statement, Wong did not set forth any legal basis for recovery of fees in her motion and reply. She did discuss relevant legal authorities in her supplemental memorandum (AP Dkt. 26) filed after the hearing and after the matter had been initially taken under submission by the court.

-4-

Case: 14-03114    Doc# 27    Filed: 09/28/18    Entered: 09/28/18 17:18:38    Page 4 of 8

supplemental brief on September 12, 2018.

II. <u>Discussion</u>

As Wong acknowledged in her motion, she is seeking recovery of her fees pursuant to section 1717 of the California Civil Code. Section 1717 provides, in relevant part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a).

In *In re Penrod*, 802 F.3d 1084, 1087 (9th Cir. 2015), the Ninth Circuit identified the three prerequisites for the recovery of attorney's fees under section 1717: (1) the underlying action must be an action on the contract; (2) the contract must have contained a clause providing for payment of attorneys' fees; and (3) the party seeking recovery of fees must have prevailed in matter. *Id.* Here, only the first prerequisite is at issue: whether the underlying nondischargeability action was an action on the contract. The court finds that it was not.

The Ninth Circuit has held that a nondischargeability action is "on a contract" within section 1717 if "the bankruptcy court need[s] to determine the enforceability of the ... agreement to determine dischargeability." *In re Baroff*, 105 F.3d 439, 442 (9th Cir. 1997). "[I]f the bankruptcy court did not need to determine whether the contract was enforceable, then the dischargeability

-5-

claim is not an action on the contract within the meaning of [California Civil Code] § 1717." *Bos v. Bd. of Trustees*, 818 F.3d 486, 489 (9th Cir. 2016), quoting *In re Davison*, 289 B.R. 716, 723 (9th Cir. BAP 2003) (emphasis added).

Here, the underlying claim is an objection to dischargeability based on allegations of fraud, misrepresentation and fraudulent inducement against Wong; there is no breach of contract claim. As stated in Tong's supplemental brief (Dkt. 26 at 2:3-12), the "allegations in the instant complaint and in the related arbitration were limited solely to whether [Wong] defrauded [Tong] by inducing him to provide services on a sale that she knew could never have closed."

Had the arbitration ended in Tong's favor and this matter proceeded to trial, this court would not have needed to interpret the listing agreement or determine its enforceability in order to determine whether or not Wong had engaged in "false pretenses, a false representation, or actual fraud" under section 523(a)(2)(A). Consequently, under *Bos* and other governing Ninth Circuit law, the underlying section 523 adversary proceeding is not one on the contract and section 1717 is inapplicable. *Baroff,* 105 F.3d at 442 (denying fees under section 1717 where "the bankruptcy court did not adjudicate the validity of the note in determining whether the debt was dischargeable," and the note was thus merely "collateral to the non-dischargeability proceeding"); *In re Hashemi*, 104 F.3d 1122, 1126 (9th Cir .1996) (a creditor's "dischargeability claim [was] not an action on the contract," within the meaning of the contract itself, because "the bankruptcy court did not need to 'determine the enforceability of the ... agreement to determine

-6-

dischargeability'").

As in *Bos*, this "nondischargeability proceeding arose entirely under the federal Bankruptcy Code," and would not have required this court to determine the issues that were resolved in the arbitration. Recall that the prayer of the Complaint sought only that any award in Tong's favor be found nondischargeable. Once Wong was found to be liable for nothing, there was nothing for this court to try. This nondischargeability action was thus "collateral to a contract rather than 'on a contract,'" and Wong cannot use section 1717 to recover her fees incurred in defending it. *Bos*, 818 F.3d at 490.

### III. Conclusion

Counsel for Wong should upload an order directing Tong to reimburse her $16,114.00 in fees that he has agreed to pay. The order should also reflect that the court is denying payment of the balance of the requested fees ($14,788.00) for the reasons set forth in this memorandum decision. Unless counsel for Wong agrees to the form of the order, counsel for Tong should file (on the docket) a separate proof of service demonstrating compliance with B.L.R. 9022-1.

**\*\*END OF MEMORANDUM DECISION\*\***

**Court Service List**

Diana Lau
2545 Irving St.
San Francisco, CA 94122